DITCH
*vs.*
WILKINSON'S
CURATOR.

The award of arbitrators is not liable to be excepted to, for want of precision in stating the facts on which it is grounded, as in case of the reports of experts and auditors of accounts. The article 455 of the Code of Practice does not apply to the award of arbitrators.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

====

### DITCH *vs.* WILKINSON'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARY.

An action for services done as a laborer or servant, for wages, must be brought within a year after the service is rendered. A continuity of services does not prevent prescription from running.

A verbal acknowledgment of a person, that he intended to give the plaintiff a certain sum, as a compensation for her services, will not repel the plea of prescription.

26·

WESTERN DIST.   A declaration made by a party to a third person, that he was under a
September, 1836.   moral obligation to pay the plaintiff for services rendered, and mentioned
                a sum that he intended to give her, is not binding, when made out of the
DITCH           presence of the person in whose favor it was made.
vs.
WILKINSON'S
CURATOR.           The plaintiff claims the sum of sixteen hundred and eighty
                dollars, for her services rendered to the deceased, Samuel
                Wilkinson, as house-keeper and sole manager of his domes-
                tic concerns, for nine years and four months, up to the time
                of his death, at fifteen dollars per month. She alleges she
                has claimed this sum from the curator of the estate of the
                deceased, who refuses to allow it, wherefore she prays for
                judgment.

                   The defendant pleaded a general denial; and further
                averred, that if the plaintiff resided with the deceased, it was
                as an adulterous concubine, and that her maintenance was
                more than compensation for her services. He further pleaded
                the prescription of one year.

                   Witnesses were produced by the plaintiff, who testified
                that she rendered great services to the deceased, in keeping
                house, making clothes for the negroes, and taking care of
                the young negroes and his domestic affairs. It appeared the
                plaintiff had a husband living when she went to live with
                Wilkinson. They were never married. Wilkinson was
                heard to say, shortly before his death, that he considered
                himself bound to compensate the plaintiff for her services,
                which were proved to be worth from ten to twelve dollars
                per month, exclusive of her maintenance.

                   "A witness proved that Wilkinson, a short time before his
                death, stated to him (witness) that he and the plaintiff were
                going to separate, and that he was going to give her one
                thousand dollars and a likely negro."

                   On the trial the plaintiff's counsel introduced a witness
                to prove that Samuel Wilkinson, deceased, during his life
                time, and a short time before his death, acknowledged that
                he was indebted to the plaintiff, which was objected to by
                the defendant's counsel, on the ground that no oral admission
                of a debt can bar prescription, and that parole evidence of
                such admission is illegal and inadmissible. The objection

was overruled and the testimony received. The defendant's WESTERN DIST.
counsel took a bill of exception to the decision of the court. *September*, 1836.

It was admitted that Wilkinson died the 31st of December,
1834. The petition was filed in this case the 2d July, 1835.

The plea of prescription was rejected; and the Probate
Judge decided that, by reason of the acknowledgment of
said Wilkinson, a few days before his death, he was
indebted to the plaintiff in the sum of one thousand dollars,
judgment should be rendered in favor of her for that sum.

The defendant appealed.

DITCH
*vs.*
WILKINSON'S
CURATOR.

*Lewis*, for the plaintiff.

1. The sum allowed by the judgment is shown to have
been acknowledged by the deceased to be due to the plaintiff
for her services. This much at least is owing, and the
judgment must stand.

2. Prescription cannot avail. It ceased to run, and was
interrupted by the acknowledgment of Wilkinson that he
owed the plaintiff. *Louisiana Code, articles* 3486, 3516, 17
*and* 18.

3. A continuity of services prevents the wages during the
first year's services from being barred by prescription. 4
*Louisiana Reports*, 128-9.

*Morse*, for the defendant.

1. A concubine cannot receive, by donation, *inter vivos or
mortis causa*, any immovables, and only of movables not
exceeding one tenth part of the estate of the donor. *Louisiana Code, article* 1468.

2. This is a claim for services which is barred by the
prescription of one year. A continuity of services does not
prevent prescription from running. 6 *Martin, N. S.* 228.
5 *Louisiana Reports*, 15.

3. The parole admission of an account does not prevent
prescription, on a claim for workmen's wages, claims of
servants. 3 *Martin, N. S.*, 707.

4. Prescription of an account for services rendered by a
servant, workman, or laborer, for wages, continues to run,

WESTERN DIST.

September, 1836.

DITCH
*vs.*
WILKINSON'S
CURATOR.

annually, against it, unless there has been an account acknowledged, a note given, or a suit instituted. *Louisiana Code,* 3499, 3500. 3 *Martin, N. S.,* 707. 8 *Martin, N. S.,* 492. 1 *Louisiana Reports,* 268. 2 *Ibid.* 382.

5. The authority relied on by the plaintiff's counsel in 4 *Louisiana Reports,* 128-9, relates to clerks' hire or wages. It is governed by the *article* 3503 *of the Louisiana Code,* which says nothing about prescription running, though there be a continuity of services. That case is different from this.

*Martin, J.,* delivered the opinion of the court.

The plaintiff claims a sum of money for her wages as a servant or house-keeper, during the period of upwards of nine years.

The defendant pleaded the general issue; and that the plaintiff was the concubine of the deceased Samuel Wilkinson, and as such was not entitled to wages; her services being compensated by her support. Prescription of one year was also pleaded. There was judgment in favor of the plaintiff for one thousand dollars, and the defendant appealed.

The services of the plaintiff in the various branches of house-keeping were proved. The concubinage was not established by the evidence in the case, and if it had been, it could not have affected or diminished her claim for compensation for the above services.

The plea of prescription certainly attaches to her claim, except for the services rendered the year preceding the death of Wilkinson, with whom she lived. The *Code* requires an action for services of this kind to be brought within a year, and expressly provides that a continuity of the services does not prevent prescription. *Louisiana Code,* 3499, 3500.

The Court of Probates, however, was of opinion that judgment could be given for the sum of one thousand dollars, on a declaration of the deceased that he was under strong moral obligations to requite her services and intended to give her that sum. This declaration cannot avail the

An action for services done as a laborer or servant, for wages, must be brought within a year after the service is rendered. A continuity of services does not prevent prescription from running.

A verbal acknowledgment of a person, that he intended to give the plaintiff a certain sum as a compensation for her services, will not repel the plea of prescription.

plaintiff in repelling the plea of prescription, because it was made orally. 3 *Martin, N. S.,* 707.

It cannot be considered as a new promise, as it was not made to, or in the presence of the plaintiff. Had it been, it should, perhaps, have been disregarded, as proven by one witness only.

The services of the plaintiff are proved to be worth twelve dollars per month, and she is entitled to recover the amount due to her at this rate, for the last year.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Court of Probates be annulled, avoided, and reversed: and proceeding to give such judgment as, in our opinion, should have been given in the court below, it is ordered, adjudged, and decreed, that the plaintiff recover from the defendant one hundred and forty-four dollars, to be paid in due course of administration of the succession of the deceased, with costs in the Probate Court, those of the appeal to be paid by the plaintiff and appellee.

A declaration made by a party to a third person, that he was under a moral obligation to pay the plaintiff for services rendered, and mentioned a sum that he intended to give her, is not binding when made out of the presence of the person in whose favor it was made.